UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 10-00161-TLM |
| LARAYE L. O'BRIEN ) | |
| ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| BOISE CITY/ADA COUNTY ) | |
| HOUSING AUTHORITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary No. 10-06031-TLM |
| v. ) | |
| ) | |
| LARAYE L. O'BRIEN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON MOTION FOR SUMMARY
JUDGMENT AND RELATED MOTIONS**
_____

**INTRODUCTION**

The Boise City/Ada County Housing Authority ("Plaintiff") filed this

adversary proceeding seeking a judgment that a debt is owed to it by chapter 7

debtor LaRaye O'Brien ("Defendant"), and that the same is nondischargeable

MEMORANDUM OF DECISION - 1

under § 523(a)(2)(A).[1]  A Pretrial Order was entered in this adversary proceeding on February 16, 2011.  Adv. Doc. No. 35 ("Pretrial Order").  It established that the "pleadings were settled," required all pretrial motions to be filed by March 4, and scheduled a trial for June 30 and July 1, 2011.  *Id.* at 1-2.

The matter comes before the Court on Plaintiff's timely-filed motion for summary judgment, Adv. Doc. No. 36.  In connection with proceedings on the motion for summary judgment, Plaintiff has also moved to strike portions of a declaration of Defendant's attorney, D. Blair Clark.  *See* Adv. Doc. No. 46 (directed at Adv. Doc. No. 41).  Also, Defendant filed an untimely motion for leave to amend her answer to allege an affirmative defense regarding the statute of limitations, *see* Adv. Doc. No. 43, which Plaintiff opposes.

The motions were presented and argued at hearing on April 13, 2011, and taken under advisement.  This Decision resolves all pending matters.

## BACKGROUND AND FACTS

Given that the Court concludes, *infra*, that summary judgment should be denied, a very brief recitation of what is at issue in this litigation is appropriate.

Plaintiff is a public housing agency authorized by the United States Department of Housing and Urban Development ("HUD") to administer and provide what is known as "Section 8" housing assistance.  Plaintiff filed suit

---

[1] All statutory citations are to the Bankruptcy Code, Title 11, U.S. Code, §§ 101-1532, unless expressly noted otherwise.

MEMORANDUM OF DECISION - 2

against Defendant in the Idaho state courts seeking to recover what it alleged were fraudulently obtained housing benefits. In short, Plaintiff contends that when Jeremiah O'Brien (Defendant's son) and his wife Jennifer O'Brien (Defendant's daughter-in-law) sought Section 8 housing assistance, Defendant – the owner of the real property Jeremiah and Jennifer and their children wanted to rent – had to certify that she was "not the parent, child, grandparent, grandchild, sister or brother of any member of the [tenant] family." Plaintiff contends, and Defendant does not dispute, Defendant signed the Request for Tenancy Approval containing this certification.[2] Defendant is and was, however, the parent of Jeremiah and the grandparent of two of their children.

The request for housing assistance was approved in 2003. Payments were thereafter made until April 2009, when an employee of Plaintiff, reviewing the file in 2008 and investigating thereafter, determined Defendant was Jeremiah's mother. Plaintiff claims to have been damaged in the amount of $48,980.17. Defendant's bankruptcy filing stayed Plaintiff's state court litigation to establish and collect that claim.

---

[2] There are other writings (*e.g.*, a "Housing Assistance Payment Contract" or "HAP Contract") that Plaintiff contends contain or incorporate similar certifications or representations. Given the ultimate decision rendered on the motion for summary judgment, there is no need to specifically address them in this Decision. Additionally, Plaintiff contends Defendant made verbal representations in 2003 to an employee of Plaintiff about *not* being related to the prospective tenants. Defendant disputes this through the earlier mentioned declaration of her counsel, which Plaintiff has moved to strike as being impermissible hearsay. As explained further below, the Court will not need to reach this issue today.

MEMORANDUM OF DECISION - 3

**DISCUSSION AND DISPOSITION**

Plaintiff's cause of action is under § 523(a)(2)(A), which allows the Court to render a judgment holding nondischargeable a debt for money "to the extent obtained by false pretenses, a false representation, or actual fraud." This Court held in *Fetty v. D.L. Carlson Enterprises, Inc. (In re Carlson)*, 426 B.R. 840 (Bankr. D. Idaho 2010):

> A cause of action under § 523(a)(2)(A) requires proof of several elements.  Plaintiff must prove by a preponderance of the evidence (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor in obtaining money, property, services or credit; (2) debtor's knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by such statement of conduct.

*Id.* at 854.

**A.   Summary judgment**

The Court has reviewed and carefully considered the large amount of material submitted in support of and in opposition to the motion, as well as the briefs and arguments of the parties.

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), incorporated by Fed. R. Bankr. P. 7056. The evidence and any inferences therefrom must be viewed in a light most

MEMORANDUM OF DECISION - 4

favorable to the non-moving party. *Thorian v. Baro Enterprises, LLC (In re Thorian)*, 387 B.R. 50, 61 (Bankr. D. Idaho 2008). The Court cannot and does not weigh evidence in resolving motions for summary judgment but, rather, determines only whether a material factual dispute exists requiring trial. *Id.* (citing *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party, and a fact is material if it might affect the outcome of the proceeding. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001).

As this Court has often noted, causes of action, such as that at issue in this case under § 523(a)(2)(A), that contain an express element of intent, are generally unapt candidates for summary adjudication:

> [I]ntent is often established by evaluating testimonial credibility and inferences from all circumstantial evidence. As this Court has noted previously, when questions of intent are raised they are rarely appropriately resolved on summary judgment. *See Massie v. Pate (In re Pate)*, 262 B.R. 825, 830 n.6 (Bankr. D. Idaho 2001) (observing summary judgment is generally inappropriate where questions of intent and state of mind are implicated); *accord Consol. Elec. Co. v. United States*, 355 F.2d 437, 438 (9th Cir. 1966) (reversing summary judgment, stating "[w]hen an issue requires determination of state of mind, it is unusual that disposition may be made by summary judgment").

*Thorian*, 387 B.R. at 68. And, as the Ninth Circuit concluded in the cited *Consol. Elec. Co.* case:

MEMORANDUM OF DECISION - 5

> It is important, and ordinarily essential, that the trier of fact be afforded the opportunity to observe the demeanor, during direct and cross-examination, of a witness whose subjective motive is at issue.

355 F.2d at 438-39.

These observations are not outliers. For example, the court in *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332 (Bankr. D.N.M. 2008), stated:

> Rarely is it appropriate to grant summary judgment on a claim for non-dischargeability based on 11 U.S.C. § 523(a)(2)(A) because intent to defraud often depends on the credibility of witnesses.

*Id.* at 338 (citing *In re Baines*, 337 B.R. 392, 400 (Bankr. D.N.M. 2006) ("The issue of fraudulent intent, central to a claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) is a material issue which is not easily subject to adjudication by summary judgment."), and *In re Sutherland-Minor*, 345 B.R. 348, 356 (Bankr. D. Colo. 2006) ("Even if the Defendant had admitted making false representations, summary judgment is difficult to obtain when the issue is the intent of one of the parties.")). *Lucas* also rejected an argument, similar to one advanced by Plaintiff, that proof (by admission or documentary evidence) of a false statement may support summary judgment on the intent issue:

> [T]he documentary evidence only establishes a falsehood which does not also serve to satisfy the intent requirement of 11 U.S.C. § 523(a)(2)(A). *See* [*In re*] *Chivers*, 275 B.R. [606], 620 [(Bankr. D. Utah 2002)] ("In order to qualify as a fraudulent misrepresentation, the representation must be supported by the element of scienter [intent].") (citing Restatement (Second) of Torts § 526 (1976)).

MEMORANDUM OF DECISION - 6

*Id.* at 338.

All of these authorities recognize that, when intent is at issue, summary adjudication is likely inappropriate. However, this Court's task, when presented with a motion for summary judgment, is to evaluate the entirety of the record that is presented. Only then can it determine whether the case is a legitimate candidate for summary adjudication or, rather, contains disputed issues of fact and evidence that must be weighed and credibility that must be evaluated, rendering the motion not well taken. A Heuristic approach to the challenge – one, for example, positing that the greater the volume of paper submitted to urge there are no disputed issues of fact, the greater the likelihood such disputes exist – is an appealing one. But rules of thumb cannot replace the obligation to review the litigants' motion and response.

Here, the submissions are copious. They include several depositions, many submitted in their entirety. This is a common, but problematic, practice.

First, it obligates the Court to commit undue time to review. If the prior testimony of a party or witness at a deposition is so unalterably clear and unambiguous that a fact is rendered undisputed, only the relevant portions of the testimony need be submitted. Reading dozens, and often hundreds, of pages of depositions is a poor use of judicial resources. Second, the wholesale submission of complete depositions is often an invitation (intended or not) for the Court to

MEMORANDUM OF DECISION - 7

insert its own interpretation of testimony, and evaluate how the witness responded (*e.g.*, directly, evasively, argumentatively) to questioning. Demeanor and credibility cannot rationally be evaluated on that sort of cold reading and, even more importantly, such evaluations are prohibited on summary judgment. The Court appropriately resists attempts to draw it into such an evaluation, or into weighing evidence, rather than doing what the case law requires – addressing the absence of disputed issues of material fact.

Reading hundreds of pages of depositions, as here, almost inevitably leads to inferences from what was said and how it was said. Counsel for both Plaintiff and Defendant argue at length what this evidence means or suggests. But the case law is clear that any inferences from the evidence must be construed in a light most favorable to the non-moving party:

> When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

*In re National Audit Defense Network*, 332 B.R. 896, 916-17 (Bankr. D. Nev. 2005); *see also Consol. Elec. Co.*, 355 F.2d at 440 n.11.

Much of what was submitted here, despite its volume, failed to establish unequivocal fact, but instead merely suggested facts, raised inferences, or invited the Court to assess credibility or weigh conflicting evidence. The Court concludes

MEMORANDUM OF DECISION - 8

that there are, at a minimum, disputed issues as to Defendant's knowledge and intent sufficient to require denial of the motion and presentation of evidence at trial.[3]

### B. Motion to strike

Plaintiff submitted an affidavit from Veronica "Ronnie" Roby, a Section 8 Housing Authority representative for Plaintiff in 2003. Defendant countered with a declaration of her counsel, Mr. Clark, in which he testified as to comments made to him by Ms. Roby during a "witness interview." Though attacked as, and conceded by Mr. Clark at hearing to be, hearsay, Defendant nonetheless contends that the declaration is proper and the alleged comments of Ms. Roby may be considered. Given, however, that the motion for summary judgment will be denied by the Court, and denied for reasons not dependent on this particular, challenged declaration, the motion to strike is rendered moot. The Court therefore will not further address the authorities or arguments regarding the motion to strike.

### C. Motion to amend

On March 21, 2011, Defendant moved to amend its answer to assert an affirmative defense. Adv. Doc. No. 43. Defendant alleges that it was only

---

[3] The § 523(a)(2)(A) elements on knowledge and intent drew the focus of counsel and the Court at argument. The Court's conclusion that there are issues of fact presented in regard thereto should not be read as implying that decisions have been reached on any of the other requisite elements of the claim under § 523(a)(2)(A) or any other issue presented in the case.

MEMORANDUM OF DECISION - 9

through discovery[4] that she determined the statute of limitations of Idaho Code § 5-218(4) might be asserted to bar Plaintiff's claim.[5]

Defendant cites to Fed. R. Bankr. P. 7015, incorporating Fed. R. Civ. P. 15, and relies upon its liberal amendment policies. Adv. Doc. No. 43 at 1.[6] Plaintiff counters that the Pretrial Order specifically established that the "pleadings are settled" and set a March 4 bar for any pretrial motions, and that no further amendment should be tolerated given that Order.

The existence of the Pretrial Order is material. The parties were given a chance to address whether amendments were desired, and they advised the Court they were content with the state of the pleadings. This position was conveyed in a pretrial conference that occurred only *after* all discovery had concluded. *See* Adv.

---

[4] *See* Adv. Doc. No. 40 (Defendant's brief) at 11 ("In doing the discovery for this case, it has become apparent that another defense has arisen that has not been pleaded – that of the statute of limitations.").

[5] The argument centers on Plaintiff's alleged failure to bring its state court claim within three years of the time when Plaintiff "discovered" the alleged fraud. Defendant argues that "discovery" under Idaho law occurs when a plaintiff has actual or constructive knowledge of the facts constituting the fraud, and that such knowledge will be inferred if that party could have discovered the fraud by the exercise of due diligence. Defendant focuses on questions of Plaintiff's knowledge of the identical surname of Defendant LaRaye O'Brien and of the Jeremiah and Jennifer O'Brien family, and the ability to make further investigation or inquiry. *See* Adv. Doc. No. 40 (brief) at 11-13.

[6] Fed. R. Civ. P. Rule 15(a)(2) concerns amendments sought more than 21 days from serving a pleading, and indicates that "The court should freely give leave [to amend] when justice so requires."

MEMORANDUM OF DECISION - 10

Doc. No. 35 at 1; *see also* Adv. Doc. No. 34 (minute entry).[7]

Under Fed. R. Civ. P. 16(d) (incorporated here by Fed. R. Bankr. P. 7016), such a pretrial order "controls the course of the action unless the court modifies it." And, since it was the sole Pretrial Order entered in this case, and no further conferences or orders were contemplated, it was the "final" Pretrial Order issued after the "final" pretrial conference. Rule 16(e) provides that "The court may modify the order issued after a final pretrial conference *only to prevent manifest injustice*."

The language of Rule 16(e) thus suggests a more stringent standard applies to the present situation than the liberal amendment policy of Rule 15 that Defendant advocates. On the other hand, Rule 15(b)(1) itself recognizes that some amendments may be urged – and granted – even if made as late as trial. That Rule provides that, when a party objects to evidence at trial on the basis that it is not within the issues raised in the settled pleadings, "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."

Here the requested amendment seeks to present a legal issue on facts the

---

[7] This fact, of course, attenuates the argument that the omitted defense was realized "[i]n doing the discovery for this case[.]" *See supra* note 4.

MEMORANDUM OF DECISION - 11

Court concludes would be placed into evidence in any event. Those facts relate to what Plaintiff knew or discovered regarding the familial relationship between Defendant and the Jeremiah and Jennifer O'Brien family, and when. These facts will relate to the issues of, at a minimum, Plaintiff's justifiable reliance on the representations. Since the evidence will be presented in any event, any prejudice to Plaintiff is minimal, and would be limited to requiring Plaintiff to address in briefing and argument whether the facts support a statute of limitations defense.

In some ways, the question presented is evocative of those arising when parties seek "relief" from a prior order under Fed. R. Civ. P. 60(b) (incorporated by Fed. R. Bankr. P. 9024).[8] When presented with such requests, the Court utilizes an "equitable" standard and "flexible approach" which considers:

> the extent of prejudice to the [movant] if relief is not granted; the length of the delay between entry of the order and the request that it be set aside, and the potential impact of granting such relief on the judicial proceedings; the reason for any such delay, including whether it was within the reasonable control of the movant; and whether the movant has acted in good faith.

*In re Becker*, 393 B.R. 233, 237-38 (Bankr. D. Idaho 2008) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993); *Pincay v. Andrews*, 389 F.3d 853, 856, 860 (9th Cir. 2004); *Briones v. Riviera Hotel &*

---

[8] Indeed, though Rule 9024 is not invoked by Defendant, what she really seeks is relief from the provisions of the Pretrial Order that hold the pleadings settled and/or set a bar date for other motions.

*Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997)). The element of impact on the proceedings, which is here limited, and the related consideration of lack of prejudice to Plaintiff, weigh in favor of allowing relief from the Pretrial Order, even considering Defendant's delay in bringing the motion.

The Court concludes the motion to amend will be granted. Defendant may assert the affirmative defense of the statute of limitations. Consistent with the representations of Defendant's counsel at hearing, no other amendments to Defendant's answer are sought, and no others will be allowed.

**CONCLUSION**

Plaintiff's motion for summary judgment will be denied. Plaintiff's motion to strike portions of the declaration of Defendant's counsel is rendered moot. Defendant's motion to amend the answer will be granted. The Court will enter an Order in accord with this Decision.

DATED: April 15, 2011

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 13